**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                        (State)

Case number (*If known*): _____   Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**    Danimer Scientific Kentucky, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    8 3 – 1 6 6 6 3 7 1

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 140    Industrial Boulevard | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | Bainbridge    Georgia 39817 | |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Decatur | |
   | County | Number    Street |
   | | |
   | | City    State    ZIP Code |

5. **Debtor's website** (URL)    https://danimerscientific.com/

| Debtor | Danimer Scientific Kentucky, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3  2  5  2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

Debtor  Danimer Scientific Kentucky, Inc.
_____
Name

Case number (if known) _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See Rider 1 _____  Relationship  Affiliates _____

District  Delaware _____  When  _____
                                              MM  /  DD  / YYYY

Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No   See Rider 2

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number      Street

_____

_____                  _____
City                                  State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Danimer Scientific Kentucky, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☑ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion | | |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion | | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2025
MM / DD / YYYY

✖ /s/ Stephen Martin                                    Stephen Martin
Signature of authorized representative of debtor          Printed name

Title  Authorized Person

**18. Signature of attorney**

✖ /s/ Daniel J. DeFranceschi                    Date  03/18/2025
Signature of attorney for debtor                        MM / DD / YYYY

Daniel J. DeFranceschi
Printed name
RICHARDS, LAYTON & FINGER, P.A.
Firm name
920        North King Street
Number     Street
Wilmington                                    Delaware   19801
City                                          State      ZIP Code
(302) 651-7700                                defranceschi@rlf.com
Contact phone                                 Email address

No. 2732                                      Delaware
Bar number                                    State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DANIMER SCIENTIFIC, INC., *et al.*, | ) | Case No. 25 – [_____] (__) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**
**in the United States Bankruptcy Court for the District of Delaware on the Date Hereof**

| |
|---|
| Danimer Scientific, Inc. |
| Danimer Bioplastics, Inc. |
| Danimer Scientific Holdings, LLC |
| Danimer Scientific Kentucky, Inc. |
| Danimer Scientific Manufacturing, Inc. |
| Danimer Scientific, L.L.C. |
| Meredian Bioplastics, Inc. |
| Meredian Holdings Group, Inc. |
| Meredian, Inc. |
| Novomer, Inc. |

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Danimer Scientific, Inc. (4518); Danimer Bioplastics, Inc. (8734); Danimer Scientific Holdings, LLC (8521); Danimer Scientific Kentucky, Inc. (6371); Danimer Scientific Manufacturing, Inc. (0322); Danimer Scientific, L.L.C. (7346); Meredian Bioplastics, Inc. (5822); Meredian Holdings Group, Inc. (7239); Meredian, Inc. (7507); and Novomer, Inc. (4173).  The location of the Debtors' corporate headquarters is:  140 Industrial Boulevard, Bainbridge, Georgia, 39817.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DANIMER SCIENTIFIC, INC., *et al.*, | ) | Case No. 25 – [_____] (__) |
|  | ) |  |
| Debtors.[1] | ) | (Joint Administration Requested) |
|  | ) |  |

**Rider 2**

**Real Property or Personal Property that Needs Immediate Attention**

Question 12, among other things, asks debtors to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor and its affiliated debtors and affiliated non-debtors (collectively, the "***Company***") are a performance polymer company specializing in bioplastic replacements for traditional petroleum-based plastic. The Company does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety. The Company notes that it is not aware of any definition of "imminent and identifiable" harm as used in this form.

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Danimer Scientific, Inc. (4518); Danimer Bioplastics, Inc. (8734); Danimer Scientific Holdings, LLC (8521); Danimer Scientific Kentucky, Inc. (6371); Danimer Scientific Manufacturing, Inc. (0322); Danimer Scientific, L.L.C. (7346); Meredian Bioplastics, Inc. (5822); Meredian Holdings Group, Inc. (7239); Meredian, Inc. (7507); and Novomer, Inc. (4173).  The location of the Debtors' corporate headquarters is:  140 Industrial Boulevard, Bainbridge, Georgia, 39817.

*Execution Version*

**MEREDIAN HOLDINGS GROUP, INC.**
**DANIMER SCIENTIFIC MANUFACTURING, INC.**
**DANIMER SCIENTIFIC HOLDINGS, LLC**
**MEREDIAN, INC.**
**MEREDIAN BIOPLASTICS, INC.**
**DANIMER SCIENTIFIC, L.L.C.**
**DANIMER BIOPLASTICS, INC.**
**DANIMER SCIENTIFIC KENTUCKY, INC.**
**NOVOMER, INC.**

**Written Consent of Directors and Managers**

**March 18, 2025**

The undersigned, constituting all of the members of each Consenting Body (as defined below), hereby take the following actions by unanimous written consent of such Consenting Body without a meeting pursuant to (a) the organizational documents of each Company and (b) Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act, and Section § 14-2-704 of the Georgia Business Corporation Code and Section 14-11-309 of Georgia Limited Liability Company Act, as applicable.

**WHEREAS**, all of the members of the board of directors or board of managers, as applicable, of each of Meredian Holdings Group, Inc., a Delaware corporation ("*Meredian Holdings*"), Danimer Scientific Holdings, LLC, a Delaware limited liability company ("*Danimer Holdings*"), Meredian, Inc., a Georgia corporation ("*Meredian*"), Meredian Bioplastics, Inc., a Georgia corporation ("*Meredian Bioplastics*"), Danimer Scientific, L.L.C., a Georgia limited liability company ("*Danimer Georgia*"), Danimer Bioplastics, Inc., a Georgia corporation ("*Danimer Bioplastics*"), Danimer Scientific Kentucky, Inc., a Delaware corporation ("*Danimer Kentucky*"), Danimer Scientific Manufacturing, Inc., a Delaware corporation ("*Danimer Manufacturing*") and Novomer, Inc., a Delaware corporation ("*Novomer*," collectively with Meredian Holdings, Danimer Holdings, Meredian, Meredian Bioplastics, Danimer Georgia, Danimer Bioplastics, Danimer Kentucky and Danimer Manufacturing, the "*Companies*") (collectively, the boards of directors and boards of managers of the Companies, the "*Consenting Bodies*") hereby authorize and approve, in all respects, the adoption of the following resolutions set forth in this written consent.

**WHEREAS**, the Consenting Bodies have studied and considered the financial condition of the Companies, including the Companies' immediate liquidity needs, liabilities, contractual obligations, the short-term and long-term prospects available to the Companies, the strategic alternatives available to the Companies and the related circumstances and situation, including the current and reasonably foreseeable future conditions of the industry in which the Companies operate;

**WHEREAS**, the Consenting Bodies have consulted with the Companies' financial and legal advisors and considered a variety of strategic alternatives available to the Companies;

**WHEREAS**, the Consenting Bodies have determined that it is advisable and in the best interests of each Company to (i) file for immediate protection under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and (ii) file or cause to be filed voluntary petitions for relief (the "***Chapter 11 Petitions***," and the cases commenced thereby, the "***Chapter 11 Cases***") pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, or another appropriate court (the "***U.S. Bankruptcy Court***"), and any and all documents necessary or convenient to effect, cause, or to promote the Chapter 11 Cases;

**WHEREAS**, certain lenders (collectively, the "***Super Senior Bridge Loan Lenders***") have agreed to provide post-petition financing to the Companies under a debtor-in-possession facility (the "***DIP Facility***"), on the terms and subject to the conditions set forth in that certain term sheet for the DIP Facility provided by certain of the Super Senior Bridge Loan Lenders party thereto (in their capacity as lender under the DIP Facility, the "***DIP Lenders***");

**WHEREAS**, the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the claims held by the Companies' secured lenders;

**WHEREAS**, pursuant to a unanimous written consent duly adopted on November 7, 2024, the board of directors of Danimer Pubco tasked its existing executive committee (the "***Executive Committee***") with evaluating, reviewing, and negotiating any potential restructuring transaction and making recommendations to the board of Danimer Pubco, among other things;

**WHEREAS**, the Executive Committee has reviewed and considered the need for the Chapter 11 Cases and have (x) determined that it is advisable, fair to, and in the best interests of the Companies to approve the filing of the Chapter 11 Cases and (y) recommended that Consenting Bodies pursue, adopt and approve the filing of the Chapter 11 Cases; and

**WHEREAS**, after review of (i) the financial condition of the Companies, the current and reasonably foreseeable future conditions of the industry in which the Companies operate, the outlook for the Companies' businesses and the other alternatives available to the Companies, (ii) the liquidity position of the Companies and necessary use of the Cash Collateral, and (iii) such other considerations as the Consenting Bodies deem relevant, the Consenting Bodies, following consultation with the financial and legal advisors to the Companies, have determined that it is advisable and in the best interests of each Company to pursue the Chapter 11 Cases, as approved in this written consent.

### ***Authorized Signatory***

**NOW, THEREFORE, BE IT RESOLVED**, that the Consenting Bodies hereby authorize and empower each duly appointed director, authorized person or officer of each Company, (each an "***Authorized Officer***" and, collectively, the "***Authorized Officers***"), to take such actions or cause to be prepared and/or executed any documents related to the Chapter 11 Cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, negotiate and finalize the terms of the DIP Financing as authorized by the Consenting Bodies, in each case, as the Authorized Officer taking such action shall in his or her judgment determine to be necessary or appropriate to effectuate

the Chapter 11 Cases, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### *Chapter 11 Filing*

**FURTHER RESOLVED**, that each Consenting Body hereby determines that it is advisable and in the best interest of the respective Company to file the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes each respective Company to file or cause to be filed the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that each Consenting Body hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each Company, the Chapter 11 Petitions, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Cases and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

### *Debtor-in-Possession Financing, Cash Collateral and Adequate Possession*

**FURTHER RESOLVED**, that each Consenting Body hereby determines that the Companies will obtain benefits from the loans and other financial accommodations under the DIP Facility and the consummation of the Financing Transactions under the DIP Loan Documents (each as defined below) which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and approves, in all respects, the Companies' entry into the DIP Facility, as finalized by those persons delegated with such authority, together with any agreements or documentation relating thereto (collectively, the "***DIP Loan Documents***"), and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Companies to perform their obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Chapter 11 Cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, in

each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Chapter 11 Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer and the Companies to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the conditions set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by the Board, any Authorized Officer, or the Company; (ii) borrow funds from, provide guaranties to, pledge their assets as collateral to, and undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***," and each such transaction, a "***Financing Transaction***") with the DIP Lenders and on such terms as may be approved by any Authorized Officer, as reasonably necessary or appropriate for the continuing conduct of the affairs of the Companies; (iii) execute and deliver and cause the Companies to incur and perform their obligations under the DIP Loan Documents and Financing Transactions; (iv) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Board; and (v) pay related fees and grant security interests in and liens upon some, any, or all of the Companies' assets, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Companies to incur and perform its obligations under the DIP Loan Documents and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents or the Super Senior Bridge Loan Documents) that may be contemplated by, or required in connection with, the DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Loan Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to authorize the DIP Lenders to file any UCC financing statements or other personal property financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Companies that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Lenders may reasonably

request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Loan Documents and the Super Senior Bridge Loan Documents, and to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, which shall in his or her sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Consenting Body hereby authorizes the Companies to provide certain adequate protection to the Super Senior Bridge Loan Lenders and the lenders under that certain Financing Agreement, dated as of March 17, 2023 (as amended, supplemented, restated, amended and restated, or otherwise modified from time to time) (the "***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***," and together with the Interim DIP Order, the "***DIP Orders***") described to the Board and submitted for approval to the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that each Consenting Body hereby approves the form, terms, and provisions of the DIP Orders to which the Companies are or will be subject, and the actions and transactions contemplated thereby and authorize and empower each Authorized Officer to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Board, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes the Companies, as debtors and debtors in possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Super Senior Bridge Loan Lenders; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, appropriate, or advisable to perform any of the Companies obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of this written consent;

### *Retention of Professionals*

**FURTHER RESOLVED**, that each Consenting Body hereby approves the Companies' engagement of Vinson & Elkins L.L.P. ("*V&E*") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that each Consenting Body hereby approves the Companies' engagement of Richards, Layton & Finger, PA ("*RLF*") as Delaware local counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage RLF for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of RLF;

**FURTHER RESOLVED**, that each Consenting Body hereby approves the Companies' engagement of AlixPartners, LLP ("*AlixPartners*") as financial advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage AlixPartners for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of AlixPartners;

**FURTHER RESOLVED**, that each Consenting Body hereby approves the Companies' engagement of Stretto, Inc. ("*Stretto*") as notice, claims, and solicitation agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such

actions as may be required to so engage Stretto for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### *General*

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer, on behalf of each Company, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; *provided*, such attestation shall not be required for the validity of any such documents;

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken by the Authorized Officers, or any of them, within the foregoing resolutions, are, and each of them is, hereby ratified, confirmed and approved;

**FURTHER RESOLVED**, that the Authorized Officers are, and each of them is, hereby authorized and empowered in the name and on behalf of each Company, to execute and deliver such agreements, instruments and documents, and to take or cause to be taken such other actions, as such Authorized Officer or Authorized Officers may determine to be necessary or advisable to implement the purposes and intent of the foregoing resolutions; each such agreement, instrument and document to be in such form and to contain such terms and conditions, consistent with the foregoing resolutions, as such Authorized Officer or Authorized Officers executing the same may approve, the execution and delivery of any such agreement, instrument or document by any such Authorized Officer or the taking of such action to be conclusive evidence of such authorization and approval;

**FURTHER RESOLVED**, that this consent may be executed and delivered by facsimile, .pdf or other electronic means, and such execution shall be considered valid, binding and effective for all purposes; and

**FURTHER RESOLVED**, that this consent may be executed and delivered in one or more counterparts, all of which taken together shall be considered to be one and the same written consent.

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**MEREDIAN HOLDINGS GROUP, INC.**

Signed by:

By: *Michael A Hajost*

Name: Michael Hajost

Title:   Authorized Person

DocuSigned by:

By: *Steve Martin*

Name: Stephen Martin

Title:   Authorized Person

**DANIMER SCIENTIFIC MANUFACTURING, INC.**

Signed by:

By: *Michael A Hajost*

Name: Michael Hajost

Title:   Authorized Person

DocuSigned by:

By: *Steve Martin*

Name: Stephen Martin

Title:   Authorized Person

**DANIMER SCIENTIFIC HOLDINGS, LLC**

By: _Michael A Hajost_
     25CD06BE466742B...
Name: Michael Hajost
Title:  Authorized Person

By: _Steve Martin_
     4D1B81C4CEF344B...
Name: Stephen Martin
Title:  Authorized Person

**MEREDIAN, INC.**

By: _Michael A Hajost_
     25CD06BE466742B...
Name: Michael Hajost
Title:  Authorized Person

By: _Steve Martin_
     4D1B81C4CEF344B...
Name: Stephen Martin
Title:  Authorized Person

**MEREDIAN BIOPLASTICS, INC.**

By: _Michael A Hajost_
     25CD06BE466742B...
Name: Michael Hajost
Title:  Authorized Person

By: _Steve Martin_
     4D1B81C4CEF344B...
Name: Stephen Martin
Title:  Authorized Person

*[Signature Page to the Written Consent of Directors and Managers]*

**DANIMER SCIENTIFIC, L.L.C.**

By: *Michael A Hajost*
Signed by:
25CD08BE4667429...
Name: Michael Hajost
Title:   Authorized Person

By: *Steve Martin*
DocuSigned by:
4D1B81C4CEF344B...
Name: Stephen Martin
Title:   Authorized Person

**DANIMER BIOPLASTICS, INC.**

By: *Michael A Hajost*
Signed by:
25CD08BE4667429...
Name: Michael Hajost
Title:   Authorized Person

By: *Steve Martin*
DocuSigned by:
4D1B81C4CEF344B...
Name: Stephen Martin
Title:   Authorized Person

**DANIMER SCIENTIFIC KENTUCKY, INC.**

By: *Michael A Hajost*
Signed by:
25CD08BE4667429...
Name: Michael Hajost
Title:   Authorized Person

By: *Steve Martin*
DocuSigned by:
4D1B81C4CEF344B...
Name: Stephen Martin
Title:   Authorized Person

*[Signature Page to the Written Consent of Directors and Managers]*

**NOVOMER, INC.**

Signed by:

By: _Michael A Hajost_ _____
25CD06BE46D7429...

Name: Michael Hajost

Title:   Authorized Person


DocuSigned by:

By: _Steve Martin_ _____
4D1B81C4CEF344B...

Name: Stephen Martin

Title:   Authorized Person

*[Signature Page to the Written Consent of Directors and Managers]*

**Fill in this information to identify the case:**

Debtor Name: <u>Danimer Scientific, Inc., et al.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204                                               216717847.1

**Chapter 11 or Chapter 9 Cases: List of Creditors the 30 Who Have Unsecured Claims and Are Not Insiders**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association 425 Walnut Street Cincinnati, OH 45202 USA | Bradley Scarbrough (p) 213-615-6047 (e) bradley.scarbrough@usbank.com | Convertible Notes | | $0 | $0 | $216,946,864 |
| 2 | Centerview Partners LLC 31 West 52nd Street, 22nd Floor New York, NY 10019 USA | General Counsel's Office (p) 212-380-2650 | Professional Services | | $0 | $0 | $700,000 |
| 3 | Shareholder Representative Services LLC 950 17th Street, Suite 1400 Denver, CO 80202 USA | Managing Director (p) 303-648-4085 (e) deals@srsacquiom.com | Sale Settlement Adjustment | | $0 | $0 | $500,000 |
| 4 | Kane Kessler, P.C. 600 Third Ave, 35th Floor New York, NY 10016-1901 USA | Rob Lawrence / Aris Haigian (p) 212-541-6222 (e) rlawrence@kanekessler.com / ahaigian@kanekessler.com | Professional Services | | $0 | $0 | $271,006 |
| 5 | NYSE Market (DE), Inc. 11 Wall St New York, NY 60673 USA | Lynn Martin (p) 212-656-3000 (e) ar@nyse.nyse.com | Stock Exchange | | $0 | $0 | $225,674 |
| 6 | Mitsubishi Chemical 9115 Harris Corners Pkwy, Ste 300 Charlotte, NC 28269 USA | Cathy Baker / Dennis Tayler (p) 864-879-5761 (f) 864-879-5618 (e) cathy.baker@mcgc.com / dennis.taylor@mcgc.com | Trade Debt | | $0 | $0 | $192,000 |
| 7 | Bunge 1391 Timberlake Manor Parkway Chesterfield, MO 63017 USA | Greg Heckman (p) 855-292-7581 (e) greg.heckman@bunge.com | Trade Debt | | $0 | $0 | $186,942 |
| 8 | BASF Corporation 29492 Network Place Chicago, IL 60673-1294 USA | Karen Killeen (p) 862-229-3754 (e) karen.killeen@basf.com | Trade Debt | | $0 | $0 | $157,146 |
| 9 | Kentucky Utilities 500 Stone Rd Lexington, KY 40503 USA | Tom Jessee (p) 800-331-7370 (f) 502-217-3000 | Utilities | | $0 | $0 | $155,298 |
| 10 | Chemical Resources, Inc. 1121 Solutions Center Chicago, IL 60677 USA | Teresa Brown (p) 502-367-2228 (f) 502-367-6661 (e) brownt@chemgroup.com | Trade Debt | | $0 | $0 | $141,912 |
| 11 | Winchester Municipal Utilities 150 North Main St. PO Box 4177 Winchester, KY 40392 USA | Susie Kiniry (p) 859-744-5434 (e) susie@wmuutilities.com | Utilities | | $0 | $0 | $126,607 |
| 12 | American Welding & Gas Inc. 6944 S Pulaski Rd Chicago, IL 60629 USA | Sean Bennett (p) 800-967-6874 (f) 859-737-5312 (e) sean.bennett@awggases.com | Trade Debt | | $0 | $0 | $105,303 |
| 13 | Total Corbion PLA bv Stadhuisplein 70 4203 NS Gorinchem, NLD | Chiel Rietvelt (p) 866-221-3372 (f) 713-483-5252 | Trade Debt | | $0 | $0 | $99,739 |
| 14 | CBIZ INC 5959 Rockside Woods Blvd. N., Suite 600 Cleveland, OH 44131 USA | Ceil Delsanter (p) 440-459-5882 (e) Ceil.Delsanter@marcumllp.com | Trade Debt | | $0 | $0 | $94,050 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Symmetry Energy Solutions, Inc<br>9811 Katy Freeway, Suite 1400<br>Houston, TX 77024<br>USA | Darlene Rivers<br>(p) 888-200-3788<br>(e) darlene.rivers@symmetryenergy.com | Utilities | | $0 | $0 | $90,844 |
| 16 | NatureWorks, LLC<br>17400 Medina Road, Suite 800<br>Plymouth, MN 55447<br>USA | Jerry Goneau<br>(p) 402-237-3886<br>(f) 952-931-1454<br>(e) jerrry_goneau@natureworkllc.com | Trade Debt | | $0 | $0 | $83,756 |
| 17 | Omya, Inc.<br>9987 Carver Rd #300<br>Blue Ash, OH 45242<br>USA | Rabun Lewis<br>(p) 770-500-0373<br>(f) 802-776-8178<br>(e) contact_ar_us@omya.com | Trade Debt | | $0 | $0 | $77,939 |
| 18 | Blough Tech, Inc.<br>119 S Broad St<br>Cairo, GA 39828<br>USA | Paul Blough<br>(p) 229-377-8825<br>(f) 229-377-6784<br>(e) paulblough@bloughtech.com | Trade Debt | | $0 | $0 | $76,918 |
| 19 | Peak Technical Services, INC.<br>583 Epsilon Drive<br>Pittsburgh, PA 15238<br>USA | Daniel Tucker<br>(p) 888-891-0845<br>(f) 412-696-1043<br>(e) danieltucker@peaktechnical.com | Trade Debt | | $0 | $0 | $67,111 |
| 20 | Azelis Netherlands B.V.<br>Rijnerf 17 3861 PV Nijkerk<br>3743 KM BA Stationsplein 62,<br>BEL | Gerwin Elzinga<br>(p) 31-355-485-896<br>(e) gerwin.elzinga@azelis.com | Trade Debt | | $0 | $0 | $63,200 |
| 21 | Vantage Specialties Inc.<br>563 Napor Blvd<br>Pittsburgh, PA 15205<br>USA | Mark Valentino<br>(p) 847-280-0669<br>(f) 773-579-5847<br>(e) mark.valentino@vantagegrp.com | Trade Debt | | $0 | $0 | $52,037 |
| 22 | Winchester Warehouse<br>1465 W. Lexington Ave<br>Winchester, KY 40391<br>USA | Steve Miller<br>(p) 859-744-3191<br>(e) opman@kywarehouse.com | Trade Debt | | $0 | $0 | $49,923 |
| 23 | American Express<br>200 Vesey Street<br>New York, NY 10285<br>USA | Laureen E. Seeger<br>(p) 212-640-5574<br>(e) laureen.e.seeger@aexp.com | Credit Card | | $0 | $0 | $45,893 |
| 24 | Delinea Inc.<br>221 Main St. Ste 1300<br>San Francisco, CA 94105<br>USA | Dianne Tayag<br>(p) 669-444-5200<br>(e) dianne.tayag@c.delinea.com | Trade Debt | | $0 | $0 | $45,833 |
| 25 | Enerfab Process Solutions & Fabricated Products<br>4430 Chickering Avenue<br>Cincinnati, OH 45232<br>USA | Aaron Landolt<br>(p) 513-641-0500<br>(f) 513-482-7699<br>(e) aaron.landolt@enerfab.com | Trade Debt | | $0 | $0 | $41,710 |
| 26 | Funke Filters, Inc.<br>464 Old State Rte 74<br>Cincinnati, OH 45244<br>USA | Miranda Cox<br>(p) 800-543-7070<br>(f) 513-528-5575<br>(e) mcox@funkefilters.com | Trade Debt | | $0 | $0 | $41,214 |
| 27 | KPMG LLP<br>2323 Ross Ave Suite 1400<br>Dallas , TX 75201<br>USA | Delane Myers<br>(p) 770-920-7707<br>(e) fmyers@kpmg.com | Professional Services | | $0 | $0 | $41,200 |
| 28 | FloQast, Inc<br>14721 Califa St.<br>Sherman Oaks, CA 91411<br>USA | Sydney Morris<br>(p) 818-698-8262<br>(e) sydney.morris@floqast.com | Trade Debt | | $0 | $0 | $39,840 |
| 29 | Normec OWS Inc.<br>4738 Gateway Circle Ste. K208<br>Dayton, OH 45440<br>USA | Christopher Ecker<br>(p) 614-769-5903<br>(e) christopher.ecker@normecgroup.com | Trade Debt | | $0 | $0 | $38,407 |
| 30 | International Paper Company<br>1645 International Park Dr SE<br>Atlanta, GA 30316<br>USA | Thomas Hamic<br>(p) 513-248-6330<br>(f) 513-248-6782<br>(e) tom.hamic@ipaper.com | Trade Debt | | $0 | $0 | $37,926 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DANIMER SCIENTIFIC KENTUCKY, INC., | ) | Case No. 25 – [_____] (__) |
|  | ) |  |
| Debtor. | ) | (Joint Administration Requested) |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT (RULES 1007(A)(1) AND 7007.1)</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Danimer Scientific Holdings, LLC | 140 Industrial Boulevard, Bainbridge, Georgia, 39817 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DANIMER SCIENTIFIC KENTUCKY, INC., | ) | Case No. 25 – [_____] (__) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Danimer Scientific Holdings, LLC | 140 Industrial Boulevard, Bainbridge, Georgia, 39817 | 100% |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name</td><td>Danimer Scientific Kentucky, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the: _____ District of</td><td>Delaware<br>(State)</td></tr>
<tr><td>Case number (<em>If known</em>):  _____</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2025                     ✘ /s/ Stephen Martin
                MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                            Stephen Martin
                                            Printed name

                                            Authorized Person
                                            Position or relationship to debtor