**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DSI WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10518 (MFW) |
| In re:<br><br>MHG WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10519 (MFW) |
| In re:<br><br>DSH WINDDOWN, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10520 (MFW) |
| In re:<br><br>DSM WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10521 (MFW) |
| In re:<br><br>MRD WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10522 (MFW) |
| In re:<br><br>DS WINDDOWN, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10523 (MFW) |
| In re:<br><br>DSK WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10524 (MFW) |
| In re:<br><br>NMER WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10525 (MFW) |

| | |
|---|---|
| In re:<br><br>MBI WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10526 (MFW) |
| In re:<br><br>DBI WINDDOWN, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10527 (MFW) |

**ORDER (I) ISSUING A FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES, (II) DESIGNATING SURVIVING CHAPTER 11 CASE; AND (III) WAIVING THE REQUIREMENT OF FURTHER POST-CONFIRMATION REPORTING IN CHAPTER 11 CASES TO BE CLOSED**

Dundon Advisers, LLC, c/o Joshua Nahas, the Liquidation Trustee ("Liquidation Trustee") of the Liquidation Trust for DSI Winddown, Inc., *et al*, (the "Liquidation Trust") in the above-captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases"), having filed a motion (the "Motion"),[1] seeking the issuance of a final decree closing nine of the ten above-captioned cases pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the designation of a surviving Chapter 11 Case, and waiving the requirement of further post-confirmation reporting in the Chapter 11 Cases to be closed; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the Motion, all related pleadings and documents and the record established in the Chapter 11 Cases; and the Court having found that due and proper

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

notice and service of the Motion has been given, that no other further notice or service of the Motion need be given, that the relief sought in the Motion is in the best interest of the parties, and is appropriate under applicable law and necessary to effectuate the purposes of the Plan, and that good and sufficient cause exists for granting the relief set forth herein, it is hereby **ORDERED** that:

1. The relief sought by the Motion is **GRANTED**.

2. The cases listed on **Schedule 1** hereto are hereby closed and a final decree is granted effective as of the date hereof.

3. The chapter 11 case of DSI Winddown, Inc., Case No. 25-10518 (MFW), is designated as the Surviving Case and shall remain open pending further order of this Court. Notwithstanding either the closing of the Closed Cases or anything to the contrary herein, (a) the Liquidation Trustee remains authorized to pursue causes of action and to make (or cause to be made) all distributions authorized and required to be made pursuant to the Plan and Confirmation Order, and (b) all such distributions made, or causes of action pursued, in the Surviving Case shall be deemed distributions pursuant to, and consistent with the terms of, the Plan and the Confirmation Order on behalf of each of the Debtors, as applicable.

4. Nothing herein alters or affects the Joint Administration Order. The Surviving Case shall be jointly administered under the lead case of DSI Winddown, Inc., Case No. 25-10518 (MFW), and all pleadings and other papers in the Surviving Case shall be filed in the lead case of DSI Winddown, Inc., Case No. 25-10518 (MFW).

5. For the avoidance of doubt, this Court retains jurisdiction over the adversary proceedings captioned: (i) *Joshua Nahas, as Liquidation Trustee of DSI Winddown, Inc. v. Urthpact Innovations, LLC (a/k/a Urthpact, Inc., a/k/a Urthpact, LLC),* Case No. 26-50468

(MFW); and (ii) *Joshua Nahas, as Liquidation Trustee of DSI Winddown, Inc. v. Entek Manufacturing, LLC*, Case No. 26-50469 (MFW); and any potential claims or causes of action asserted pursuant to the Plan and Confirmation Order, and such actions are otherwise unaffected by this Final Decree.

6. The requirement of the Liquidation Trustee in the Closed Cases to file further post-confirmation reports shall be and hereby is waived; provided, however, that to the extent not already paid, the fees that have accrued as of the date hereof for the Closed Cases that are required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930 shall be paid as soon as reasonably practicable after the date of entry of this Final Decree.

7. For the avoidance of doubt, the Liquidation Trustee is to pay 2026 third quarter U.S. Trustee fees and file the 2026 third quarter post-confirmation reports for the Closed Cases by no later than October 20, 2026.

8. All further post-confirmation reporting concerning the administration of the assets and liabilities of the Debtors shall occur in the Surviving Case.

9. A docket entry shall be made in each of the Closed Cases that reflects entry of this Final Decree.

10. Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen any of the Closed Cases for further administration.

11. The Liquidation Trustee is authorized to take all actions necessary or appropriate to give effect to this Final Decree.

12. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon entry of this Final Decree.

13. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Final Decree.

**Dated: September 25th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**